IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| DAVID LYNN HATFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 5:08-01178 |
| | ) | |
| T.R. CRAIG, Warden, | ) | |
| F.C.I. Beckley, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 14, 2008, Petitioner, acting *pro se*, filed an "Application Under 28 U.S.C. § 2243 for Writ of Habeas Corpus."[1] (Document No. 1.) As grounds for *habeas* relief, Petitioner alleges as follows: (1) "[Petitioner] is actually innocent of 18 U.S.C. § 924 as charged in the Indictment;" (2) "[Petitioner's] speedy trial rights, 18 U.S.C. § 3161, was violated and the case should be dismissed with prejudice;" (3) "Once State case was removed by the government the greater protection provided under the Fourth Amendment of the West Virginia Constitution should have been applied to [Petitioner's] case;" and (4) "[Petitioner] objects to specific offense characteristics used to enhance his sentence." (Id.)

On June 2, 2009, Petitioner filed a Motion to Amend requesting "the Court to amend his current Application for Writ of Habeas Corpus Under 28 U.S.C. § 2243, submitted 10/9/2008, and re-characterize it as a Section 2241 Motion." (Document No. 5.) As grounds for *habeas* relief in his Amended Motion, Petitioner alleges as follows: (1) Ineffective assistance of counsel; (2) Wrongful imprisonment; (3) Illegal search and seizure; (4) Gun enhancement improperly calculated; (5)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Criminal history improperly calculated; and (6) Conviction invalid based upon State v. Mullens, 221 W.Va. 70, 650 S.E.2d. 169 (2007). (Id., pp. 1 - 5.) Therefore, Petitioner requests that the Court "grant relief sought in the foregoing writ of habeas corpus and issue an order overturning this conviction and whatever other relief the court may deem just and proper." (Id., p. 6.)

By Order entered on February 8, 2010, the undersigned granted Petitioner's Motion to Amend. (Document No. 7.) Also on February 8, 2010, with the exception of Petitioner's wrongful imprisonment claim, the undersigned re-characterized Petitioner's "Application Under 28 U.S.C. § 2243 for Writ of Habeas Corpus" and ordered the Clerk to open a new file indicating Mr. Hatfield as the Movant and the cause of action as a 28 U.S.C. § 2255 Motion to Vacate/Correct Illegal Sentence case, which initiated the instant proceeding. (Civil Action No. 5:10-0128, Document No. 262.) The Court notified Petitioner of its intention to re-characterize his Motion as a Section 2255 Motion pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Id., Document No. 263.) The undersigned directed Petitioner to inform the Court in writing by March 5, 2010, if he did not wish to have his Motion re-characterized as a motion under Section 2255. (Id.) Petitioner failed to file a response. Accordingly, the only remaining claim under Petitioner's Section 2241 Petition is his wrongful imprisonment claim. Petitioner asserts that he was wrongfully imprisoned because he was denied six months placement in a Residential Re-Entry Center [RRC] and an award of good time credit. (Civil Action No. 5:08-01178, Document No. 5.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319,

322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[2] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on November 17, 2009. Petitioner is currently serving his term of supervised release.

that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document Nos. 1 and 5.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: September 29, 2011.

R. Clarke VanDervort
United States Magistrate Judge