IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID LYNN HATFIELD,

          Petitioner,

v.                            CIVIL ACTION NO.  5:08-cv-01178

T. R. CRAIG,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus* and *Notice to Amend § 2241* (Documents 1 and 5).  By Order (Document 2) entered on October 14, 2008, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  On September 29, 2011, the Magistrate Judge submitted Proposed Findings and Recommendation ("PF&R") (Document 10) wherein it is recommended that this Court dismiss Petitioner's petition and remove this matter from the Court's docket.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th

Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir.1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). Objections to the PF&R were due by October 17, 2011. No objections were timely filed.

On October 21, 2011, the Court adopted the Proposed Findings and Recommendation and dismissed Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody. (Document 13)

On October 31, 2011, Petitioner filed his *Motion for Tolling of Filing Time and for the Court to Quash Judgment Order Entered* (Document 15), wherein he asks the Court to vacate the previously entered Memorandum Opinion and Order (Document 13) and Judgment Order (Document 14) to allow him sixty (60) days to file objections to the PF&R. (Document 15 at 2-3.) In support, Petitioner asserts that he did not receive the PF&R until October 13, 2011, because he resides at the Union Mission Crossroads rather than Roark-Sullivan Lifeway Center where the PF&R was mailed. (*Id*. at 1.) Petitioner argues he complied with his obligation to update the Clerk with his current address by giving notification of his changed address to the United States Probation Office. (*Id*. at 2.) On December 29, 2011, Petitioner filed objections to the PF&R.

Although Petitioner's objections are untimely and he failed to meet his obligation to update his mailing address with the Clerk, the Court, out of an abundance of caution, will briefly consider his objections. In his amended habeas petition, Petitioner alleges the following grounds for relief: (1) Ineffective assistance of counsel; (2) Wrongful imprisonment; (3) Illegal search and seizure; (4) Gun enhancement improperly calculated; (5) Criminal history improperly

2

calculated; and (6) Conviction invalid based upon *State v. Mullens*, 221 W.Va. 70(2007). (Document 5 at 1-5.) Petitioner asks the Court to "grant relief sought in the foregoing writ of habeas corpus and issue an order overturning this conviction and whatever other relief the court may deem just and proper." (*Id*. at 6.) Except for the wrongful imprisonment claim, the Magistrate Judge re-characterized Petitioner's habeas petition as a Motion to Vacate/Correct Illegal Sentence pursuant to 28 U.S.C. 2255. The § 2255 petition is pending before the Honorable Judge Thomas E. Johnston in Civil Action No. 5:10-00128. Thus, the only remaining claim in this case was Petitioner's wrongful imprisonment claim, which the Magistrate Judge recommends dismissing as moot because Petitioner was released from prison on November 17, 2009. (Document 10 at 3.) Petitioner argues his wrongful imprisonment claim is not moot because such a claim "is a [l]egal [a]rguement and [has] [m]erit." (Document 16 at 3.) Petitioner further contends that the Bureau of Prisons records show that he earned over ten months good time credit during his incarceration, which he did not receive. (*Id*.) The Court finds the Magistrate Judge correctly found that Petitioner's Section 2241 wrongful imprisonment claim is rendered moot and must be dismissed by virtue of his release from custody and the absence of collateral consequences. (Document 10 at 3.) Accordingly, Petitioner's untimely objection is overruled.

Therefore, the Court **ORDERS** that Petitioner's *Motion for Tolling of Filing Time and for the Court to Quash Judgment Order Entered* (Document 15) be **DENIED** and that the previously entered Memorandum Opinion and Order (Document 13) and Judgment Order (Document 14) be **REAFFIRMED**. Additionally, the Court **ORDERS** that any motions pending at the time of this Order are hereby **TERMINATED** as **MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                        ENTER:     July 12, 2012

                        IRENE C. BERGER
                        UNITED STATES DISTRICT JUDGE
                        SOUTHERN DISTRICT OF WEST VIRGINIA